256 F.2d 582
 Francisco RODRIGUEZ, Libelant-Appellee-Appellant,
v.
GERONTAS COMPANIA DE NAVEGACION, S.A., Respondent-Appellant-Appellee, and
THE GERONTAS, her engines, tackle, boilers, etc., Respondent.
 No. 362.
 Docket 24720.
 United States Court of Appeals Second Circuit.
 Argued May 16, 1958.
 Decided June 25, 1958.
 
 Appeals from the United States District Court for the Southern District of New York; Archie O. Dawson, Judge.
 Herbert Lebovici, Lebovici & Safir, New York City, for libelant-appellee-appellant.
 Victor S. Cichanowicz, New York City, (Frederick H. Cunningham, New York City, on the brief), for respondent-appellant-appellee.
 Before HAND, HINCKS and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 On both the appeal and the cross-appeal we affirm on Judge Dawson's opinion below, reported at 150 F.Supp. 715, with the following correction as to one minor point raised by the respondent's appeal.
 
 
 2
 On the subject of vacation pay, counsel stipulated that if any vacation pay was recoverable under the applicable law the proper measure was one day of pay for every thirty days worked. On this basis libelant computed that $153.53 was due. Judge Dawson found that there was money due for vacation pay and accepted libelant's figure as the proper amount. However, in discussing the subject of vacation pay, Judge Dawson inadvertently cited as authority an obsolete section of the Panamanian Labor Code, Article 170, which provided for vacation pay at the rate of one day's pay for each eleven days worked. It is quite clear that the figure awarded is correct: only the citation of Article 170 was incorrect.